UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS BURKE, as President of
Carpenters Local Union No. 289,
Affiliated with Empire State Regional
Council of Carpenters,

                Plaintiff,

    v.

MICHAEL HOGAN, as President of
Glaziers, Architectural Metal & Glassworkers
Local No. 660, Affiliated with International
Union of Painters & Allied Trades of America
& Canada, District Council No. 4,

                Defendant.

**DECISION & ORDER**
04-CV-755S

GLAZIERS, ARCHITECTURAL METAL &
GLASSWORKERS LOCAL NO. 660,
Affiliated with International Union of Painters
& Allied Trades of America & Canada,
District Council No. 4,

                Consolidated Third-Party Plaintiff,

    v.

CARPENTERS LOCAL UNION NO. 289,
Affiliated with Empire State Regional
Council of Carpenters, and
THOMAS, WILLIAMS AND SHEPARD, LLC,

                Consolidated Third-Party Defendants,

## I. INTRODUCTION

This case arises from a labor dispute between two labor organizations, Empire State

Carpenters, Local 289 ("the Carpenters"), and Glaziers, Architectural Metal &

Glassworkers, Local No. 660 ("the Glaziers"), over the assignment of work involving the

1

removal, restoration and reinstallation of wooden windows at two schools in Buffalo, New York.  Both the Carpenters and the Glaziers are parties to a Project Labor Agreement ("Agreement"), which governs both the assignment of work and jurisdictional disputes over the assignment of work.  Pursuant to this Agreement, the parties appeared and presented evidence at a two day arbitration hearing to resolve the Carpenters' grievance that the disputed work had been reassigned to the Glaziers in violation of the Agreement.  On September 1, 2004, the Arbitrator issued a Decision and Award sustaining the grievance and awarding the work to the Carpenters.  The Carpenters seek to confirm the award and the Glaziers seek to vacate the award.  Currently before this Court are the Glaziers' Motion to Vacate an Arbitrator's Decision, the Glaziers' Motion to Amend their Motion to Vacate an Arbitrator's Decision, the Carpenters' Petition to Confirm an Arbitrator's Award, the Carpenters' Motion for Summary Judgment, and the Glaziers' Motion for Permission to Submit Additional Authority.


## II. BACKGROUND

### A.    Factual Summary

The following facts are undisputed for purposes of the instant motions, except where indicated.  The Carpenters and the Glaziers, both labor unions, are parties to a Project Labor Agreement, known as the "Joint Schools Construction Board School Construction and Rehabilitation Program, Workforce Development and Diversity Program Agreement."   (Carpenter's Rule 56 Statement of Undisputed Material Facts ("Carps' State."),[1] ¶¶ 1-3).  Article X, Section 4 of the Agreement provides that jurisdictional disputes

---

[1]Rule 56.1(c) of the Local Rules of Civil Procedure for the Western District of New York provides that facts contained in the moving party's Rule 56 Statement are deemed admitted unless controverted by the opposing party.

over the assignment of work must be settled by arbitration before a named Arbitrator. (<u>Carps' State.</u>, ¶ 5; <u>McGovern Aff.</u>, Ex. 1).  Acting on the procedures set forth in the Agreement, the Carpenters submitted a jurisdictional grievance relating to the reassignment of work from the Carpenters to the Glaziers.  (<u>Carps' State.</u>, ¶ 6). The Arbitrator conducted a hearing at which both the Carpenters and the Glaziers appeared and were represented by counsel.  (<u>Carps' State.</u>, ¶ 7).

On September 1, 2004, the Arbitrator issued a Decision and Award sustaining the Carpenters' grievance, and awarding the disputed "window work" assignment to the Carpenters.  (<u>Petition to Confirm Arbitrator's Award</u> ("<u>Pet.</u>"), Ex. A).  In rendering his decision, the Arbitrator acknowledged that he was bound by the language of the Agreement, and that the Carpenters were required to show by a preponderance of the evidence under the "prevailing practices in the Buffalo, New York area" that the window work should have been awarded to them.  (<u>Pet.</u>, Ex. A, p. 17).  The Arbitrator set forth the language of the Agreement governing jurisdictional disputes and the mechanism for the assignment of work, contained in Article X, Section (c).  (<u>Pet.</u>, Ex. A, p. 17).  This Section provides that as a precondition to the assignment of any work, the contractor must convene a pre-job meeting, at which "[t]he contractor and the Unions will attempt to agree upon all job assignments."  (<u>Pet.</u>, Ex. A, p. 17).

The Arbitrator found that "[w]hile the record evidence reflects that a pre-job meeting was held . . . [and that] the Contractor chose to give the job assignment . . . to the Carpenters, the record is barren of any evidence that a subsequent pre-job meeting was held by the Contractor . . . to explain why the assignment would be changed from Carpenters to Glaziers, and [to] provide a 'reasonable opportunity' for the parties '[t]o agree upon all job assignments."  (<u>Pet.</u>, Ex. A, pp. 17-18).  Accordingly, the Arbitrator concluded

that "since this pre-job conference is a prerequisite to the Contractor making an assignment, it is clear that since the Contractor failed to hold such a pre-job conference, the assignment must remain with the Carpenters." (Pet., Ex. A, p. 18).

The Arbitrator next acknowledged that the Agreement required work to be assigned according to the "prevailing practices in the Buffalo, New York area," a term that was not defined in the Agreement. (Pet., Ex. A, p. 18). Citing to a Division of Labor case,[2] the Arbitrator concluded that the "nature of the work" to be performed was the "first prong" in determining the prevailing practices. (Pet., Ex. A, p. 21). The Arbitrator acknowledged that work involving the renovation of historic wooden windows, at issue in the instant case, was rare. (Pet., Ex. A, p. 22). In determining to whom the wooden window work should be assigned, the Arbitrator relied on the testimony of Dale Stanley, a Supervisor for the New York State Department of Public Works, who offered evidence that identical work had been performed at another public school and that such work was properly performed by the Carpenters. (Pet., Ex. A, pp. 22-23). According to the Arbitrator, Mr. Stanley classified the removal of wooden windows as Carpenters' work by weighing a number of factors including: (1) the nature of the work; (2) the Collective Bargaining Agreements; (3) Jurisdictional Agreements; (4) Jurisdictional Decisions; (5) Historic Practice; (6) Past Division of Labor recognition; and (7) Case law precedents. (Pet., Ex. A, p. 23).

Given the foregoing, the Arbitrator concluded that "given the nature of the work at issue . . . , the initial instinct of the Contractor to award such work to the Carpenters was the correct determination, and that the subsequent award of such work to the Glaziers was in error." (Pet., Ex. A, pp. 23-24). According to Article X, Section 5 of the Agreement,

---

[2]The Arbitrator cited a DOL case entitled In the Matter of Power Systems Solutions, PRC#95-5032, 08-26-03. (Pet., Ex. A, p. 18)

"[a]ny awards or resolution pursuant to [Article X,] Section 4 shall be final and binding on the disputing Unions and the involved Contractor on the Project only, and may be enforced in any court of competent jurisdiction."  (Carps' State., ¶ 15).  On September 20, 2004, the Glaziers moved to reopen the record to introduce proof of what the parties intended by incorporating the phrase "prevailing practices in the Buffalo Area" into Article X of the Agreement.  (Glaziers' Motion to Vacate ("Gls' Mot."), Ex. C (appearing at  Docket No. 1 of 04-CV-872(S)).  The Arbitrator denied the Glaziers motion on October 5, 2004.  (Gls' Mot., Ex. J).[3]

## B.    Procedural History

On September 17, 2004, the Carpenters commenced the instant case by filing a Petition to Confirm an Arbitrator's Award in the United States District Court for the Western District of New York.  On October 25, 2004, the Glaziers commenced a second case based on the same dispute by filing a Motion to Vacate an Arbitrator's Decision.  This Court consolidated the cases on November 19, 2004, and directed that the Glaziers' second-filed case, 04-CV-872(s), be closed.  On December 10, 2004, the Carpenters filed a Motion for Summary Judgment seeking to confirm the Arbitrator's Award.[4]  Thereafter, the Glaziers moved to Amend its Motion to Vacate an Arbitrator's Decision, originally filed in 04-CV-872(S).  These Motions are currently before the Court.

---

[3]The Glaziers have moved for permission to submit a second decision rendered by the Arbitrator as additional evidence that the disputed Award in this case should be vacated.  However, the Glaziers offer no legal authority or compelling reason for this Court to consider an arbitrator's decision, which was entered several months after the decision at issue and which resolves the assignment of distinguishable work.  Accordingly, the Glaziers' motion for permission to submit additional authority (Docket No. 27) will be denied.

[4]In support of its Motion, the Carpenters filed an affirmation with exhibits, a Local Rule 56 statement, a memorandum of law, and a reply memorandum of law.  The Glaziers filed a memorandum of law and a Local Rule 56 statement in opposition to the motion.  This Court has also considered the Glaziers' memorandum of law and affidavits in support of their Motion to Vacate an Arbitrator's Decision, and the Carpenters' Petition to Confirm an Arbitrator's Award.

## III. DISCUSSION

### A.     Motion for Leave to Amend

As an initial matter, the Glaziers seek to Amend the Notice and Motion to Vacate an Arbitrator's Decision filed under Civil Number 04-CV-872(S) prior to consolidation.  As the Glaziers' Motion to Vacate is the mechanism through which they commenced their action, this Court construes the Motion as an initial pleading, the amendment of which is governed by Rule 15 of the Federal Rules of Civil Procedure.  Rule 15 provides, in pertinent part, that "[a] party may amend the party's pleading once as a matter of course at any time before the responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of the court . . . and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).

A court has broad discretion in determining whether to grant a party leave to amend its pleadings.  See Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir.1998).  As a general matter, in the absence of prejudice or bad faith, a party will be permitted to amend its pleadings.  Block v. First Blood Assoc., 988 F.2d 344, 350 (2d Cir.1993).  Finding no prejudice or bad faith in this case, this Court will grant the Glaziers' Motion to Amend.  Accordingly, their Notice and Motion to Vacate an Arbitrator's Decision is deemed amended.

### B.     Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R.

C<small>IV</small>. P. 56(c).  A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under governing law."  Id.

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion."  Addickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 1609, 26 L. Ed. 2d 142 (1970).  "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  Ultimately, the function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at 249.  Cases involving arbitration awards are generally well-suited for summary judgment because the findings and conclusions of the award are undisputed and a matter of record.  See Mitchell Plastics, Inc. v. Glass, Molders, Pottery, Plastics and Allied Workers Int'l Union, 946 F. Supp. 401, 402 (W.D.Pa. 1996).

**B.     Judicial Review of An Arbitrator's Decision Under
         the Labor Management Relations Act**

It is well settled that "Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, provides subject matter jurisdiction for an action to vacate an arbitration award."  Burns Int'l Sec. Serv., Inc. v. United Plant Guard Workers of Am. & its Local 537, 47 F.3d 14, 16 (2d Cir.1995); see also Jamaica Buses, Inc. v. Transport Workers' Union, Local 100, No. 02 Civ. 2533, 2003 WL 1621026, at *2-4 (E.D.N.Y. Mar. 26, 2003).  At the same time, labor arbitration awards are subject to a very limited scope of judicial review. Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509, 121 S. Ct. 1724, 1728,

149 L. Ed. 2d 740 (2001); see also New York Tel. Co. v. Commc'n Workers of Am., Local 1100, 256 F.3d 89, 91 (2d Cir.2001) (holding that a court must review arbitrator's decision with "considerable deference"); see also Wackenhut Corp. v. Amalgamated Local 515, 126 F.3d 29, 31-32 (2d Cir.1997) (stating that a court must affirm arbitrator's award if the decision "is plausibly grounded in the parties' agreement").   Given this very narrow and deferential judicial standard, courts in this Circuit have recognized that "[i]t is the rare case where a federal court will vacate an arbitration award."   Fishman v. Fairfield Towers, 01 Civ. 7014, 2001 WL 1338897, at *2 (S.D.N.Y. Oct. 31, 2001).

As long as an arbitration award "draws its essence from the collective bargaining agreement" and is not the product of the arbitrator's "own collective brand of industrial justice," the award should be confirmed.   United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597, 80 S. Ct. 1358, 1361, 4 L. Ed. 2d 1424 (1960); see also Int'l Org. of Masters, Mates & Pilots v. Trinidad Corp., 803 F.2d 69, 72 (2d Cir.1986); Jamaica Buses, 2003 WL 1621026 at *4.   In rendering an award, "the arbitrator need only explain his reasoning 'in terms that offer even a barely colorable justification for the outcome reached.'"   Burns Int'l,  47 F.3d at 17 (quoting Andros Compania Maritima, S.A. v. Marc Rich & Co., 579 F.2d 691, 704 (2d Cir.1978)).   If a reviewing court can infer a basis for the arbitrator's decision from the facts of the case, the award should be confirmed.   Burns Int'l, 47 F.3d at 17 (citing Sobel v. Hertz, Warner & Co., 469 F.2d 1211, 1216 (2d Cir.1972)). Indeed, "'as long as [an honest] arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.'"   New York City Saks, LLC v. Local 1102 Retail, Wholesale, Dep't Store Union, No. 03 Civ. 7227(PKC), 2004 WL 35437, at *2-3 (S.D.N.Y. Jan. 7, 2004) (quoting Eastern Associated Coal Corp. v. United

8

Mine Workers of Am., District 17, 531 U.S. 57, 62, 121 S. Ct. 462, 466, 148 L. Ed. 2d 354 (2000)).

In the instant case, the Glaziers argue that the Arbitrator acted outside of scope of his authority by failing to adhere to the Agreement's express language, in effect modifying the Agreement to reach the Award. Specifically, they contend that the Arbitrator failed to direct an assignment based on the "prevailing practices in the Buffalo, New York area," and instead based the assignment on the "nature of the work" to be performed. This Court is not persuaded that the Arbitrator ignored or substituted the language of the Agreement, such that the Award must be set aside or remanded. Rather, this Court finds that under the deferential standard applied in such cases, the Arbitrator acted within the scope of his authority and that he drafted an Award that draws its essence from the Agreement.

As the Award makes clear, the Arbitrator applied the terms of the Agreement in rendering his decision regarding the assignment of work. For example, the Arbitrator acknowledged that he was bound by the language of the Agreement and that the Carpenters were required to show by a preponderance of the evidence under the "prevailing practices in the Buffalo, New York area" that the window work should have been awarded to them. (Pet., Ex. A, p. 17). The Arbitrator noted that Article X, Section(c) of the Agreement requires a contractor to convene a pre-job meeting so the parties could attempt to agree on job assignments. (Pet., Ex. A, p. 17). Based on the evidence presented at the hearing, the Arbitrator found that the Contractor held an initial pre-job meeting, but thereafter reassigned the work from the Carpenters to the Glaziers without holding a second meeting. (Pet., Ex. A, p. 18). The Arbitrator reasoned that because the Contractor failed to hold a second pre-job conference, the parties did not have a reasonable opportunity to agree on the job assignment. (Pet., Ex. A, p. 18). Accordingly, the Arbitrator

9

concluded that "assignment must remain with the Carpenters." (Pet., Ex. A, p. 18).  In this Court's view, the Arbitrator's initial conclusion is clearly grounded in the language of the Agreement.

With respect to this initial conclusion, the Glaziers argue that the Arbitrator improperly considered the Contractor's failure to adhere to the work assignment procedures, and erroneously determined that the Carpenters were entitled to retain the work assignment based on a violation of those procedures.  This Court finds that the Arbitrator relied on the Agreement in making these alleged errors, and therefore, the errors provide an insufficient basis to overturn the Award.  As the Supreme Court has held, where an honest arbitrator is "even arguably construing or applying the contract," the fact that "a court is convinced he committed serious error does not suffice to overturn his decision." Eastern Associated Coal Corp, 531 U.S. at 62.

The Glaziers next argue that the Arbitrator acted outside the scope of his authority in defining the term "prevailing practices in the Buffalo, New York area" -- a term that was not defined in the Agreement.   The Decision and Award reflects the Arbitrator's understanding that he was obligated to follow the "prevailing practices in the Buffalo, New York area" in deciding to whom the window work should be assigned.  Acknowledging that the term "prevailing practices" was undefined, the Arbitrator relied on case law from the Division of Labor in concluding that the "nature of the work" to be performed was the "first prong" in determining the "prevailing practices." (Pet., Ex. A, p. 21).  The Arbitrator cited to the following facts in support of his decision that the wooden window installation work should have been awarded to the Carpenters: work involving the renovation of historic wooden windows was rare; identical work had been performed in the past; such work was properly characterized as Carpenters' work based on a number of factors; and the

10

conclusion that the work was Carpenters' work was consistent with the testimony offered by the Glaziers' witnesses.  (Pet., Ex. A, p. 23).

Under the circumstances, it cannot be said that the Arbitrator substituted his own criterion for assigning work, "instead of using the basis [upon] which the parties had agreed," as the Glaziers contend.  A review of the Agreement reveals that the parties did not define the term "prevailing practices in the Buffalo, New York area."  As such, the parties did not explicitly agree to a criterion for determining the assignment of work.  It is well settled that where a labor agreement contains ambiguous terms, an arbitrator is entitled to look for guidance from many sources.  United Steelworkers, 363 U.S. at 597. Whether this Court could have come to the same conclusion based on the evidence presented is not determinative or even significant.  Hill v. Staten Island Zoological Soc., Inc., 147 F.3d 209, 213 (2d Cir. 1998).  So long as the Arbitrator acted within the scope of his authority and the Award draws its essence from the Agreement, it must be confirmed. This Court finds that these requirements have been met and that no reasonable trier of fact could find otherwise.   Accordingly, the Carpenters' Motion for Summary Judgment confirming the Arbitrator's Award will be granted.

## C.   Attorney's Fees

The Carpenters argue that they are entitled to recover their attorneys' fees and costs in defending the Arbitrator's Award.  As an initial matter, this Court notes that attorneys' fees are not routinely awarded in labor disputes.  Synergy Gas Co. v. Sasso, 853 F.2d 59, 65 (2d 1988).  A court may properly make an award of attorneys' fees in certain circumstances; for example, "when a party has unjustifiably refused to abide by an arbitrator's award," Synergy Gas Co., 853 F.2d at 65, or when a party "spin[s] out the

11

arbitral process unconscionably through the filing of meritless suits and appeals." <u>Dreis & Krump Mfg. Co. v. Int'l Ass'n of Machinists and Aerospace Workers, Dist. No. 8</u>, 802 F.2d 247, 255 (7th Cir. 1986).  This Court finds that in the absence of bad faith on the part of the Glaziers, there is no basis for this Court to award attorneys' fees and costs to the Carpenters.  Accordingly, the Carpenters' request for fees and costs will be denied.

## IV. CONCLUSION

Based on the foregoing, the Glaziers' Motion to Amend their Motion to Vacate an Arbitrator's Decision is granted, but their Motion to Submit Additional Authority is denied. Having reviewed the record, this Court finds that the Award must be confirmed because the Arbitrator acted within the scope of his authority and the Award draws its essence from the Agreement.  Moreover, this Court finds that no reasonable trier of fact could conclude otherwise.   As such, the Carpenters' Motion for Summary Judgment confirming the Arbitrators' Award is granted.   Accordingly, the Carpenters' Petition to Confirm an Arbitrator's Award is granted in substance, and the Glaziers' Motion to Vacate an Arbitrator's Decision is denied in substance.  Lastly, the Carpenters' request for attorneys' fees and costs is denied.

## V.  ORDERS

IT HEREBY IS ORDERED that the Glaziers' Motion to Amend or Correct their Motion to Vacate an Arbitrator's Decision (Docket No. 16) is GRANTED.

FURTHER, that the Glaziers' Motion for Permission to Submit Additional Authority (Docket No. 27) is DENIED.

FURTHER, that the Carpenters' Motion for Summary Judgment (Docket No. 10) is GRANTED.

FURTHER, that the Carpenters' Petition to Confirm an Arbitrator's Award (Docket No. 1) is GRANTED in substance.

FURTHER, that the Glaziers' Motion to Vacate an Arbitrator's Decision (Docket No. 1 in Case No. 04-CV-872(S)) is DENIED in substance.

FURTHER, that the Carpenters' request for attorneys' fees and costs is denied.

FURTHER, that the Clerk of the Court shall take the necessary steps to close this case.

SO ORDERED.

Dated:      September 29, 2005
            Buffalo, New York

                                        /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                        United States District Judge